UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY ODERMANN,

               Plaintiff,

     v.

CAREFUSION 303, INC.,

               Defendant.

CASE NO. C12-5126 BHS

ORDER DENYING MOTION TO
BIFURCATE OR IN THE
ALTERNATIVE TO CONTINUE
TRIAL

This matter comes before the Court on Plaintiff Nancy Odermann's ("Odermann")
motion to bifurcate or in the alternative continue trial (Dkt. 26). The Court has considered
the pleadings filed in support of and in opposition to the motion and the remainder of the
file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On January 17, 2012, Odermann filed a products liability suit against Defendants
Carefusion 303, Inc. ("Carefusion"), Pyxis Corporation, Inc. ("Pyxis"), and Cardinal
Health 110, Inc. ("Cardinal Health").  Dkt. 1-2 at 5-7. Odermann's complaint seeks
damages for alleged injuries sustained while she was a registered nurse at Behavior
Health Resources, which required her to use a Pyxis medication-dispensing machine. *Id*.

at 6.   On or about June 7, 2009, she alleges that, unbeknownst to her, the machine's hard

drive malfunctioned and it was pulled away from the wall by a Pyxis or Carefusion

technician in an attempt to fix it.  *Id*.  The machine remained there when she started her

shift, and due to its malfunction, all its drawers were slightly open allowing staff access

to the medications.  *Id*. Odermann alleges that she sustained injuries when the machine

fell on her as she was attempting to get medication from the machine. Id. at 7.  She

alleges negligence for failure to properly maintain the machine and leaving it in an unsafe

condition; that it was not reasonably safe as designed or manufactured; and it was not

reasonably safe because adequate warnings or instructions were not provided. *Id*.

Alternatively, Odermann maintains breach of express or implied warranties and failure to

exercise reasonable care in the manufacture and design of the machine.  *Id*.  As a result of

the negligence, Odermann alleges she suffered injuries and sustained other forms of loss

causing damages for which she seeks relief.  *See id.*

On September 27, 2012, the parties filed an agreed motion seeking extension of

the trial date by at least one month, due to the fact that the Department of Labor &

Industries ("L&I") had not begun Odermann's return to work process and her counsel

had a scheduling conflict with the trial date. Dkt. 21. The Court granted the agreed

motion, extending the trial date to November 12, 2013.  Dkt. 22.

On February 15, 2012, Odermann and the Defendants filed a stipulation and

proposed order dismissing Defendants Carefusion and Pyxis from the suit. Dkt. 5.   On

February 16, 2012, the Court issued an order dismissing the aforementioned Defendants.

Dkt. 6.

## II. DISCUSSION

**A.    Parties' Arguments**

Odermann moves this Court to bifurcate the issues of liability and damages, or, in the alternative, to continue the trial date.  Dkt. 26 at 1.  In summary, Odermann maintains she is receiving L&I benefits for her injuries, which will likely result in her "either eventually be[ing given a] pension[] or … permanent partial disability," and it is unknown whether she will be able to return to work or undergo retraining.  *Id*. at 1-2.  Therefore, Odermann argues that it is "premature to conduct a trial of plaintiff's claims, especially as relates to the issue of damages."  *Id*. at 2.  She also maintains that L&I may issue a lien on any damages collected from a third party, a subrogation interest which she must protect by law.  Dkt. 32 at 4 (*citing* RCW 51.24.060(2)).  Odermann thus argues that trying the case while damages cannot be assessed is prejudicial.  Dkt. 26 at 4.  Odermann also contends that judicial economy requires bifurcation because it would likely lead to a settlement.  *Id*. at 4.  In the alternative, Odermann requests the Court continue the case until "such time as she can accurately present her damages to the jury," arguing she meets the standard for a good cause modification of the Court's schedule.  *Id*. at 5.  Finally, Odermann adds that because her counsel has three nearly back-to-back trials beginning September 29 through November 19, 2013, "it makes more sense to either bifurcate the liability and damages … or continu[e] the Odermann trial."  *Id*.

Carefusion maintains that ordering separate trials would not further any of the interests identified in Fed. R. Civ. P 42(b).  Dkt. 30 at 6.  Carefusion asserts that bifurcation could result in substantial delay, which is unnecessary.  *Id*. (*see Fuji Mach.*

1    *Mfg. Co. v. Hover-Davis*, 982 F. Supp. 923, 924 (1997)).  Conducting two separate trials

2    would be costly and inefficient, due to the likely overlap in the liability and damages

3    portions of the case.  *Id.*  Carefusion maintains that the likely repetition of evidence

4    regarding the scope, cause and extent of her injuries will increase the burden on

5    witnesses, such as medical experts, as well as trial expenses.  *Id.* at 7.   Similarly,

6    Carefusion asserts that because of the likely overlap in evidence at two separate trials and

7    the need to impanel a second jury, bifurcation does not contribute to judicial efficiency.

8    *Id.* at 10.  Additionally, Carefusion argues that the L&I findings are neither relevant to

9    nor admissible in this case.  *Id.* at 7-8.  Further, Carefusion contends Odermann's

10   assertion that bifurcation will facilitate settlement is merely speculative and does not

11   outweigh the burdens caused by bifurcation.  *Id.* at 9.  Finally, Carefusion argues that

12   because the resolution of Odermann's worker's compensation claims is not necessary to

13   determine damages in this case, a continuance is not warranted.  *Id.* at 10. However, were

14   the Court to find an extension necessary, Carefusion argues a continuance is preferable to

15   bifurcation, as a continuance would avoid the increased costs and expenditure of judicial

16   resources resulting from bifurcation.  *Id.*

17   **B.    Analysis & Conclusion**

18           In relevant part, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42 states:

19           (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and
             economize, the court may order a separate trial of one or more separate
20           issues, claims, crossclaims, counterclaims, or third-party claims. When
             ordering a separate trial, the court must preserve any federal right to a jury
21           trial.

22

1    Additionally, Fed. R. Civ. P. 16(4) states that "a schedule may be modified only for good

2    cause and with the judge's consent."  Under both rules, the Court exercises its discretion

3    in making its determination.

4         In the instant case, the Court finds that Odermann has not presented either

5    sufficient reasons to support bifurcation or good cause to continue the trial.  As

6    Carefusion argues, Odermann's L&I action is separate and distinct from this products

7    liability suit.  Additionally, as Odermann concedes, L&I determinations are inadmissible

8    in this case.  Dkt. 32 at 4-5.  L&I may determine a statutory lien on any recovery

9    Odermann receives from a third party is legally necessary; however, that does not factor

10   into the Court's determination of whether bifurcation or continuance is warranted.

11   Delaying trial (either through bifurcation or continuance) while awaiting L&I's final

12   determination (what can be a very lengthy process), does not serve the interests of

13   judicial economy or avoid prejudice, though Odermann may find it strategically

14   convenient.  In fact, to suspend a jury trial on damages indefinitely and require a separate

15   damages trial after L&I issues its determination, is prejudicial to Carefusion for the

16   reasons it cited.  In the absence of what the Court views as any prejudice to Odermann or

17   necessity for an extension of time, the additional expense and time that will attend

18   bifurcation on liability and damages outweighs any cited reason in support of bifurcation.

19        Finally, while the trial calendar of Odermann's counsel appears quite full during

20   the period which encompasses this trial date, counsel previously submitted an agreed

21   motion to continue trial to a "date after October 30, 2012."  Dkt. 21.  Had counsel or the

22   parties agreed to another, later date in their agreed motion, the Court may have granted

1  such a motion.  However, such a motion was not submitted, and the Court granted the

2  agreed motion that was filed. Dkt. 22.  In this case, counsel's scheduling matters are not a

3  sufficient reason to grant continuance; nor does the Court find good cause otherwise

4  exists to support a continuance.

5                                              **III. ORDER**

6         Therefore, it is hereby **ORDERED** that Odermann's motion to bifurcate or to

7  continue the trial (Dkt. 26) is **DENIED.**

8         Dated this 8th day of April, 2013.

9

10

11                                        BENJAMIN H. SETTLE
                                         United States District Judge

12

13

14

15

16

17

18

19

20

21

22