UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NANCY ODERMANN, <br><br> Plaintiff, <br><br> v. <br><br> CAREFUSION 303, INC., <br><br> Defendant. | CASE NO. C12-5126 BHS <br><br> ORDER DENYING MOTION TO BIFURCATE OR IN THE ALTERNATIVE TO CONTINUE TRIAL |

This matter comes before the Court on Plaintiff Nancy Odermann's ("Odermann") motion to bifurcate or in the alternative continue trial (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On January 17, 2012, Odermann filed a products liability suit against Defendants Carefusion 303, Inc. ("Carefusion"), Pyxis Corporation, Inc. ("Pyxis"), and Cardinal Health 110, Inc. ("Cardinal Health"). Dkt. 1-2 at 5-7. Odermann's complaint seeks damages for alleged injuries sustained while she was a registered nurse at Behavior Health Resources, which required her to use a Pyxis medication-dispensing machine. *Id*.

at 6.  On or about June 7, 2009, she alleges that, unbeknownst to her, the machine's hard drive malfunctioned and it was pulled away from the wall by a Pyxis or Carefusion technician in an attempt to fix it.  *Id*.  The machine remained there when she started her shift, and due to its malfunction, all its drawers were slightly open allowing staff access to the medications.  *Id*. Odermann alleges that she sustained injuries when the machine fell on her as she was attempting to get medication from the machine.  Id. at 7.  She alleges negligence for failure to properly maintain the machine and leaving it in an unsafe condition; that it was not reasonably safe as designed or manufactured; and it was not reasonably safe because adequate warnings or instructions were not provided. *Id*. Alternatively, Odermann maintains breach of express or implied warranties and failure to exercise reasonable care in the manufacture and design of the machine.  *Id*.  As a result of the negligence, Odermann alleges she suffered injuries and sustained other forms of loss causing damages for which she seeks relief.  *See id.*

On September 27, 2012, the parties filed an agreed motion seeking extension of the trial date by at least one month, due to the fact that the Department of Labor & Industries ("L&I") had not begun Odermann's return to work process and her counsel had a scheduling conflict with the trial date.  Dkt. 21. The Court granted the agreed motion, extending the trial date to November 12, 2013.  Dkt. 22.

On February 15, 2012, Odermann and the Defendants filed a stipulation and proposed order dismissing Defendants Carefusion and Pyxis from the suit. Dkt. 5.   On February 16, 2012, the Court issued an order dismissing the aforementioned Defendants. Dkt. 6.

## II. DISCUSSION

A.  **Parties' Arguments**

Odermann moves this Court to bifurcate the issues of liability and damages, or, in the alternative, to continue the trial date. Dkt. 26 at 1. In summary, Odermann maintains she is receiving L&I benefits for her injuries, which will likely result in her "either eventually be[ing given a] pension[] or … permanent partial disability," and it is unknown whether she will be able to return to work or undergo retraining. *Id*. at 1-2. Therefore, Odermann argues that it is "premature to conduct a trial of plaintiff's claims, especially as relates to the issue of damages." *Id*. at 2. She also maintains that L&I may issue a lien on any damages collected from a third party, a subrogation interest which she must protect by law. Dkt. 32 at 4 (*citing* RCW 51.24.060(2)). Odermann thus argues that trying the case while damages cannot be assessed is prejudicial. Dkt. 26 at 4. Odermann also contends that judicial economy requires bifurcation because it would likely lead to a settlement. *Id*. at 4. In the alternative, Odermann requests the Court continue the case until "such time as she can accurately present her damages to the jury," arguing she meets the standard for a good cause modification of the Court's schedule. *Id*. at 5. Finally, Odermann adds that because her counsel has three nearly back-to-back trials beginning September 29 through November 19, 2013, "it makes more sense to either bifurcate the liability and damages … or continu[e] the Odermann trial." *Id*.

Carefusion maintains that ordering separate trials would not further any of the interests identified in Fed. R. Civ. P 42(b). Dkt. 30 at 6. Carefusion asserts that bifurcation could result in substantial delay, which is unnecessary. *Id*. (*see Fuji Mach.*

*Mfg. Co. v. Hover-Davis*, 982 F. Supp. 923, 924 (1997)). Conducting two separate trials would be costly and inefficient, due to the likely overlap in the liability and damages portions of the case. *Id*. Carefusion maintains that the likely repetition of evidence regarding the scope, cause and extent of her injuries will increase the burden on witnesses, such as medical experts, as well as trial expenses. *Id*. at 7. Similarly, Carefusion asserts that because of the likely overlap in evidence at two separate trials and the need to impanel a second jury, bifurcation does not contribute to judicial efficiency. *Id*. at 10. Additionally, Carefusion argues that the L&I findings are neither relevant to nor admissible in this case. *Id*. at 7-8. Further, Carefusion contends Odermann's assertion that bifurcation will facilitate settlement is merely speculative and does not outweigh the burdens caused by bifurcation. *Id*. at 9. Finally, Carefusion argues that because the resolution of Odermann's worker's compensation claims is not necessary to determine damages in this case, a continuance is not warranted. *Id*. at 10. However, were the Court to find an extension necessary, Carefusion argues a continuance is preferable to bifurcation, as a continuance would avoid the increased costs and expenditure of judicial resources resulting from bifurcation. *Id*.

**B.    Analysis & Conclusion**

In relevant part, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42 states:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Additionally, Fed. R. Civ. P. 16(4) states that "a schedule may be modified only for good cause and with the judge's consent." Under both rules, the Court exercises its discretion in making its determination.

In the instant case, the Court finds that Odermann has not presented either sufficient reasons to support bifurcation or good cause to continue the trial. As Carefusion argues, Odermann's L&I action is separate and distinct from this products liability suit. Additionally, as Odermann concedes, L&I determinations are inadmissible in this case. Dkt. 32 at 4-5. L&I may determine a statutory lien on any recovery Odermann receives from a third party is legally necessary; however, that does not factor into the Court's determination of whether bifurcation or continuance is warranted. Delaying trial (either through bifurcation or continuance) while awaiting L&I's final determination (what can be a very lengthy process), does not serve the interests of judicial economy or avoid prejudice, though Odermann may find it strategically convenient. In fact, to suspend a jury trial on damages indefinitely and require a separate damages trial after L&I issues its determination, is prejudicial to Carefusion for the reasons it cited. In the absence of what the Court views as any prejudice to Odermann or necessity for an extension of time, the additional expense and time that will attend bifurcation on liability and damages outweighs any cited reason in support of bifurcation.

Finally, while the trial calendar of Odermann's counsel appears quite full during the period which encompasses this trial date, counsel previously submitted an agreed motion to continue trial to a "date after October 30, 2012." Dkt. 21. Had counsel or the parties agreed to another, later date in their agreed motion, the Court may have granted

1 such a motion.  However, such a motion was not submitted, and the Court granted the

2 agreed motion that was filed. Dkt. 22.  In this case, counsel's scheduling matters are not a

3 sufficient reason to grant continuance; nor does the Court find good cause otherwise

4 exists to support a continuance.

### III. ORDER

Therefore, it is hereby **ORDERED** that Odermann's motion to bifurcate or to continue the trial (Dkt. 26) is **DENIED.**

Dated this 8th day of April, 2013.

_____
BENJAMIN H. SETTLE
United States District Judge